## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                            :

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*, [1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
|  | **RE:  D.I. 2442** |

-------------------------------------------------------X

## ORDER ENFORCING THE AUTOMATIC STAY AGAINST CERTAIN CLAIMANTS
## WITH RESPECT TO THE U.K. PENSION PROCEEDINGS

Upon the motion dated February 18, 2010 of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for Entry Of An Order Enforcing the Automatic Stay Against Certain Claimants With Respect To The U.K. Pension Proceedings (the "Motion"), pursuant to sections 362(a)(1) and (a)(6) of title 11 of the United States Code (the "Bankruptcy Code"), as more fully described in the Motion and supporting papers; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. sections 157 and 1334; and the Court having determined that consideration of the Motion is a

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

core proceeding pursuant to 28 U.S.C. section 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and supporting papers establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation; and with respect to the following facts:

WHEREAS, on January 14, 2009 (the "Petition Date"), Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with the exception of Nortel Networks CALA ("NN CALA"), which filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court on July 14, 2009; and

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.1.S 141, 142], an ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"), and no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, on August 4, 2009, the Court entered the Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Order") [D.I.1084], and on December 3, 2009 the Court entered an order fixing

January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059]; and

WHEREAS, on September 30, 2009 Nortel Networks U.K. Limited ("NNUK"), on behalf of itself, certain individuals from Ernst & Young LLC (the "Joint Administrators"), and nineteen of Nortel's European affiliates (the "EMEA Debtors") filed proofs of claim against the Debtors (except NN CALA), bearing claim identification numbers 5122 through 5136, submitting to the jurisdiction of this Court; and

WHEREAS, on September 30, 2009 the Nortel Networks U.K. Pension Trust Limited (as Trustee of the Nortel Networks U.K. Pension Plan) (the "U.K. Pension Trustee") and the Board of the Pension Protection Fund (the "PPF") jointly filed proofs of claim against each of the Debtors, bearing claim identification numbers 5573 through 5587(except for NN CALA, against whom the U.K. Pension Trustee and PPF filed a proof of claim on January 25, 2010, bearing claim identification number 6979) (collectively, the "U.K. Pension Claim"), submitting to the jurisdiction of this Court; and

WHEREAS, the U.K. Pension Claim is based on the allegation that the Nortel Networks U.K. Pension Plan (the "NNUK Pension Plan") is under-funded by an estimated amount alternatively stated to be £2.1 billion or $3.1 billion; and

WHEREAS, according to the U.K. Pension Claim, the U.S. Nortel Entities have a contingent liability and indebtedness arising from the alleged deficit in the NNUK Pension Plan, based on the anticipated exercise by the U.K. Pensions Regulator ("TPR") of powers under the U.K. pension laws to issue, through TPR's Determinations Panel (the "Determinations Panel"), a "financial support direction" ("FSD") against certain of the Debtors and certain non-U.S. Nortel

3

Entities and, if they fail to put or keep in place financial support approved by TPR, to issue a contribution notice ("CN"); and

WHEREAS, the U.K. Pension Claim asserts that TPR concluded that, by the time the Claim was filed, grounds existed to issue certain warning notices ("Warning Notices") and to seek a FSD against certain members of Nortel Group affiliates worldwide, including the U.S. Nortel Entities, as companies allegedly "connected with or associates of" NNUK, based on the allegation that NNUK was "insufficiently resourced" on June 30, 2008, a date selected by TPR; and

WHEREAS, the U.K. Pension Claim also asserts that if a FSD is issued against any of the U.S. Nortel Entities, such entity could then be directed under the U.K. pension laws to procure financial support for the NNUK Pension Plan, either alone or with other members of the Nortel Group, and if such entity fails to put or keep in place financial support for the NNUK Pension Plan approved by TPR, then TPR could also exercise its power to issue a CN, imposing on that U.S. Nortel Entity a liability to pay a specific amount, which could be all or some portion of the deficit in the NNUK Pension Plan, which liability, it is alleged, would be enforceable as a debt under U.K. law; and

WHEREAS, by letters dated January 13, 2010 and addressed to NNI and NN CALA (along with certain non-U.S. Nortel entities), TPR purported to issue a Warning Notice initiating an administrative proceeding (the "U.K. Pension Proceedings") regarding the alleged deficit in the funding of the NNUK Pension Plan, which provides, in summary, that TPR believes it is reasonable to issue a FSD against the addressees (the "Targets") and references certain documents and witness statements as support for this determination, some of which, on information and belief, were provided by NNUK, and others of which are publicly available

4

information, and indicating that the Targets may respond in writing to the Warning Notice by

midday on March 1, 2010, and may request a hearing on TPR's requested issuance of a FSD

against them; and

WHEREAS, on February 18, 2010, the Debtors filed the Motion;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      By virtue of their filing proofs of claim in this Court, the U.K. Pension

Trustee and the PPF have submitted to the jurisdiction of this Court.

3.      The automatic stay imposed by Section 362 of the Bankruptcy Code is

_as to the U.K. Pension Trustee and the PPF_

hereby enforced and fully applicable to the U.K. Pension Proceedings as referenced in the proofs _with respect to the Debtors_ _is_

of claim filed by the U.K. Pension Trustee and the PPF, and with respect to the Debtors such

Proceedings are deemed void and of no force or effect; to the extent that either of the U.K.

Pension Trustee or the PPF participate in the U.K. Pension Proceedings, _as to any Debtors_ such participation will

be in violation of the automatic stay and subject the participating persons or entities to sanctions

under Section 362.

4.      Notwithstanding any provision in the Federal Rules of Bankruptcy

Procedure to the contrary, (i) the terms of this Order shall be immediately effective and

enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation,

enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their

discretion and without further delay, take any action and perform any act authorized under this

Order.

5.      The Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


Dated: FEBRUARY 26 , 2010
           Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE